**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 05-cv-02202-REB

ELOIS CADE-BRYANT,

    Plaintiff,

v.

JOANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY DECISION
AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's Complaint [#], filed November 1, 2005, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.*  I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument.  I reverse and remand.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that she is disabled as a result of a variety of impairments, including degenerative joint disease of the spine and knees, anemia, seizure disorder, anxiety disorder, carpal tunnel syndrome, chest pain, and fibromyalgia.  After her application for disability insurance and supplemental security income benefits was denied initially, plaintiff requested a hearing before an administrative law judge.  A

hearing was held on July 23, 2004. At the time of this hearing, plaintiff was 51 years old. She has a high school education and past work experience as an assembly line worker and as a salesperson of prepaid legal services. Plaintiff has not engaged in substantial gainful activity at any relevant time.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance and supplemental security income benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform her past relevant work. Alternatively, the ALJ concluded that plaintiff the residual functional capacity to perform a significant range of light work and further that there were jobs existing in significant numbers in the national economy that she could perform. The ALJ therefore found plaintiff not disabled both at step four and at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d

1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four

steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. ***Id.*** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III.  LEGAL ANALYSIS

In scattershot fashion, plaintiff raises a number of issues loosely grouped into

five separate categories.  Some of these arguments are so inadequately developed as to defy meaningful analysis.  Others are without merit.[1]  However, I find that the ALJ's determination of plaintiff's residual functional capacity cannot stand.[2]

In determining plaintiff's residual functional capacity, the ALJ relied on the report of a consultative examiner, Dr. Roly Kanard.  (Tr. at 546-550.)  Dr. Kanard opined that plaintiff could stand and walk for four hours a day and sit for eight hours a day.  He further stated that she could lift and carry no more than 10 pounds frequently but that "[a]ny more than this would place undue strain on her weakened lower extremities as well as might cause her wound [from a recent hysterectomy] to reopen." (*Id*. at 550.)  He therefore completely precluded plaintiff from lifting more than 10 pounds.  (*See id*. at 551.)  The ALJ accepted this opinion but "modified to . . . increased lifting and/or carrying to light level." (*Id.* at 24.)  The ALJ explained his decision in this regard:

> I note that this examination was on 5/22/04, just one month after the claimant's hysterectomy in April 2004.  The observed weakness and atrophy and other effects of the post surgical convalescence would not indicate more than a temporary status following the surgery.

(*Id*.)

---

[1] In particular, plaintiff has not shown that the ALJ erred at step two of the sequential evaluation. Plaintiff grossly overstates her position in arguing that the ALJ failed to consider evidence of her alleged anxiety disorder and related seizure disorder.  In fact, the ALJ did discuss such evidence and merely determined that the seizure disorder was not "severe" and that the anxiety disorder was adequately controlled by medication.  (Tr. at 21-22.)  The evidence on which plaintiff relies consists largely of her own subjective reports of her symptoms, which are not sufficient to establish the existence of a medically determinable impairment at step two.  **Social Security Report** 96-3p, 1996 WL 374181 at *2 (SSA July 2, 1996).

[2] It appears that plaintiff may be requesting a directed award of benefits.  If such is her intent, I find that it would be inappropriate to exercise my discretion to direct an award in this case.  *See* ***Nielson v. Sullivan***, 992 F.2d 1118, 1122 (10th Cir. 1993).

In so finding, the ALJ improperly substituted his own judgment for the medical opinion of Dr. Kanard. **Hamlin v. Barnhart**, 365 F.3d 1208, 1221 (10th Cir. 2004); **see also McGoffin v. Barnhart**, 288 F.3d 1248, 1252 (10th Cir. 2002) (ALJ may reject physician opinion "only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion") (citation and internal quotations marks omitted).  Although Dr. Kanard was clearly aware of plaintiff's post-surgical status, he did not limit his opinion of her lifting capacity in light of that knowledge.  The absence of a time constraint is particularly significant given that Dr. Kanard specifically noted that his suggested postural limitations were only relevant "until she has healed from her surgery."  (Tr. at 550.)  This specific reference makes it less likely that the failure to impose a similar limitation with respect to plaintiff's lifting capacity was inadvertent or qualified.  Moreover, although Dr. Kanard's concern that plaintiff's wound might reopen with excessive lifting clearly was surgery-related, it is not patent that his reference to her "weakened lower extremities" was intended only to refer to her immediate post-surgical condition.  The record is replete with references to plaintiff's de-conditioned physical state and poor exercise tolerance, and Dr. Kanard himself recommended that she use a cane for walking even short distances.  (*Id*.)  If the ALJ had any doubt regarding the scope of the medical opinion, he was obligated to recontact Dr. Kanard, not to extrapolate from his opinion.  **See** 20 C.F.R. §§ 404.1512(e) & 416.927(c)(3); **Social Security Ruling** 96-5p, 1996 WL 374183 at *6 (SSA July 2, 1996).

Given all these circumstances, the ALJ erred in finding that plaintiff had the residual functional capacity for light work.[3] This failure rendered his hypothetical to the vocational expert at the hearing unsound, and thus infected the step five determination that there were other jobs in the national economy that plaintiff was capable of performing.[4] In addition, this lapse makes it impossible for me to say that the ALJ's failure to more fully articulate the bases of his findings at step three of the sequential analysis that plaintiff's severe impairments did not meet or equal any listed impairment was harmless error. **See Fischer-Ross v. Barnhart**, 431 F.3d 729, 733-35 (10th Cir. 2005) (no prejudicial error where ALJ's residual functional capacity finding supported conclusion that plaintiff's impairments did not meet the listings). For all these reasons, the ALJ's disability decision must be reversed.[5]

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**; and

2. That this case is **REMANDED** to the ALJ, who is directed to:

    a.    Reevaulate his residual functional capacity assessment;

    b.    Recontact Dr. Kanard for further clarification of his findings, seek

---

[3] Although there is another residual functional capacity assessment in the record, which supports a finding of the ability to do light work, the significance of this opinion is attenuated at best, given that it was completed in 1993. (Tr. at 252-259.) Moreover, because the ALJ did not cite to this assessment in his opinion, it would be inappropriate for me to rely on it. **See Grogan v. Barnhart**, 399 F.3d 1257, 1263 (10th Cir. 2005).

[4] Although obviously the faulty residual functional capacity finding also undermines the ALJ's step four finding, the Commissioner concedes that this finding cannot stand in any event because plaintiff's past work did not qualify as substantial gainful activity. **See** 20 C.F.R. §§ 404.1560(b)(1) & 416.960(b)(1).

[5] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

7

        the testimony of a medical expert, order a second or subsequent consultative examination, or otherwise further develop the record as he deems necessary;

c.    Articulate fully his findings at step three of the sequential evaluation;

d.    Reassess plaintiff's residual functional capacity in light of his reevaluation of the evidence as above directed; and

e.    Reassess the disability determination.

Dated April 18, 2005, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**