**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 05-cv-02202-REB

ELOIS CADE-BRYANT,

    Plaintiff,

v.

JOANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

## ORDER GRANTING MOTION FOR AWARD OF ATTORNEY'S FEES

**Blackburn, J.**

The matter before me is plaintiff's **Motion for EAJA Attorney Fees** [#15], filed July 19, 2006. I grant the motion.

In this case, plaintiff appealed the Commissioner's decision on numerous grounds, many of which were either undeveloped or without merit. Nevertheless, I found that the ALJ erred in determining that plaintiff had the residual functional capacity for light work based on the opinion of a consultative examiner that did not support that level of functionality. I, thus, concluded that the ALJ had impermissibly substituted his own judgment for that of the medical source and accordingly remanded the case to the Commissioner for further proceedings.

Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), which provides, in relevant part:

> a court shall award to a prevailing party other than the
> United States fees and other expenses . . . incurred by that
> party in any civil action. . ., including proceedings for judicial

>review of agency action, brought by or against the United
>States in any court having jurisdiction of that action, unless
>the court finds that the position of the United States was
>substantially justified or that special circumstances make an
>award unjust.

28 U.S.C. § 2412(d)(1)(A).[1]  As interpreted by the Supreme Court, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).  Stated differently, the test is whether there is a "reasonable basis in both law and fact" for the government's position.  *Id*., 108 S.Ct. at 2550; *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir.), *cert. denied*, 116 S.Ct. 49 (1995).  Although the term "'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness," *Pierce*, 108 S.Ct. at 2550, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact," *id*. at 2550 n.2.  For this reason, a finding that the government's position was not supported by substantial evidence does not necessarily lead to a finding that the government's position was not substantially justified.  *Hadden v. Bowen*, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

The government bears the burden of demonstrating that its position was substantially justified.  *Gilbert*, 45 F.3d at 1394.  I have discretion in determining whether this standard has been met.  *Pierce*, 108 S.Ct. at 2548-49; *Stephenson v.*

---

[1] The parties appear to agree that plaintiff is a prevailing party for purposes of the EAJA.  *See Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993) (party who secures remand to Commissioner under sentence four of 42 U.S.C. § 405(g) is a prevailing party).

***Shalala***, 846 F.Supp. 49, 50 (D. Kan. 1994).  In exercising that discretion, I must consider the case "as an inclusive whole, rather than as atomized line items." ***Commissioner, Immigration and Naturalization Service v. Jean***, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990).  "Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action."  ***Jackson v. Chater***, 94 F.3d 274, 279-80 (7th Cir. 1996).

Although the Commissioner sets forth these legal precepts in her brief, she nevertheless fails to carry her burden of demonstrating that her position "during the entirety of the civil action" was substantially justified.  Rather, she has limited her arguments to the narrow issue on which remand was granted.  Moreover, she has done little more than simply state as a positive assertion that the ALJ's decision to diverge from the consultative examiner's medical opinion was reasonable, a conclusion that should have been clearly belied by my discussion of the issue in my order remanding this case.  The Commissioner, therefore, has failed to meet her burden of proof on the issue of substantial justification.  Accordingly, plaintiff is entitled to an award of attorney's fees.

Plaintiff requests attorney's fees in the amount of $5,467.00.  The Commissioner presents no argument suggesting that the hourly rate requested by plaintiff's counsel or the total amount of time expended or fees requested are excessive or otherwise unreasonable.  Moreover, my own experience suggests that the fees requested are comparable to awards made under the EAJA in similar cases.  Plaintiff, therefore, is entitled to the entirety of her requested fees.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion for EAJA Attorney Fees** [#15], filed July 19, 2006, is **GRANTED**; and

2. That plaintiff is **AWARDED** $5,467.00 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

Dated October 18, 2006, at Denver, Colorado.

            **BY THE COURT:**

            **s/ Robert E. Blackburn**
            **Robert E. Blackburn**
            **United States District Judge**