UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 05-cv-02202-REB

ELOIS CADE-BRYANT,

    Plaintiff,

v.

MICHAEL J. ASTRUE,[1] Commissioner of Social Security,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTINO FOR AN
## AWARD OF ATTORNEY FEES UNDER 42 U.S.C. § 406(B)

**Blackburn, J.**

The matter before me is plaintiff's **Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)** [#18], filed May 9, 2008. I grant the motion.

Title II of the Social Security Act provides, in relevant part:

> Whenever a court renders a judgment favorable to a
> claimant under this subchapter who was represented before
> the court by an attorney, the court may determine and allow
> as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total of the
> past-due benefits to which the claimant is entitled by reason
> of such judgment[.]

42 U.S.C. § 406(b)(1)(A). By its terms, this section requires that any attorney fee awarded not exceed 25 percent of the past-due benefits recovered, and that it be otherwise "reasonable." ***Gisbrecht v. Barnhart***, 535 U.S. 789, 807, 122 S.Ct. 1817,

---

[1] Michael J. Astrue was confirmed by the United States Senate to replace Jo Anne Barnhart as the Commissioner of Social Security on February 1, 2007. Thus, he is substituted as the defendant in this suit. **FED.R.CIV.P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need be taken to continue this lawsuit.

1828, 152 L.Ed.2d 996 (2002). A contingency fee agreement is the "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.*, 122 S.Ct. at 1828.[2] In determining whether a fee is reasonable, I may consider factors such as "the character of the representation," "the results the representative achieved," whether the benefits recovered "are large in comparison to the amount of time counsel spent on the case," and whether the plaintiff's attorney is responsible for delay in the proceedings. *Id.*

In this case, plaintiff contractually agreed to pay her counsel 25 percent of any past-due benefits recovered as a result of the representation. (*See* Plf. Motion App., Exh. 2.) Plaintiff recovered $60,669.00 in past due benefits. (*See id.*, Exh. 1.) Twenty-five percent of that amount is $15,167.25. Counsel requests $4,400.25 pursuant to section 406(b).[3] The Commissioner has not filed a brief in opposition to the request, and plaintiff's motion represents that counsel for the government has stated that she "does not take a position on these 406(b) motions, so long as the request is reasonable." (*Id.* ¶ 7, at 2.)

Counsel's requested fee is more than reasonable for 35.5 hours of work, and in relation to counsel's non-contingent hourly rate and the amount of past-due benefits recovered. Further, I find no other reason to reduce the requested amount further.

---

[2] It is a criminal offense for an attorney to attempt to charge a social security client more than the statutory cap, or to charge a non-contingent fee. *See Gisbrecht*, 122 S.Ct. at 1827-28.

[3] Counsel has received $5,467.00 already under the EAJA and $5,300 for work done at the administrative level pursuant to 42 U.S.C. § 406(a). *See Gisbrecht*, 122 S.Ct. at 1822-23 (attorney's fees awarded under section 406(b) should be offset against awards made under the Equal Access to Justice Act).

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)** [#18], filed May 9, 2008, is **GRANTED**; and

2. That plaintiff is **AWARDED** $4,400.25 in attorney fees pursuant to 42 U.S.C. § 406(b)(1)(A).

Dated August 14, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**